[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *MacDonald v. Shaker Hts. Bd. of Income Tax Rev.*, Slip Opinion No. 2015-Ohio-3290.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3290

MACDONALD ET AL., APPELLEES, *v*. SHAKER HEIGHTS BOARD OF INCOME TAX REVIEW, APPELLEE; THE CITY OF SHAKER HEIGHTS ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *MacDonald v. Shaker Hts. Bd. of Income Tax Rev.*, Slip Opinion No. 2015-Ohio-3290.]

*Taxation—Appeals——R.C. 5717.011—Standard of review for appeal to Board of Tax Appeals pursuant to R.C. 5717.011 is de novo as to both facts and law.*

(No. 2014-0574—Submitted June 24, 2015—Decided August 19, 2015.)

APPEAL from the Court of Appeals for Franklin County, No. 13AP-71, 2014-Ohio-708.

_____

**SYLLABUS OF THE COURT**

The standard of review for an appeal to the Board of Tax Appeals pursuant to R.C. 5717.011 is de novo as to both facts and law.

_____

**O'NEILL, J.**

{¶ 1} Before retiring as of December 31, 2006, William E. MacDonald III was an executive of the former National City Corporation in Cleveland. National City offered a "supplemental executive retirement plan" or "SERP" for its executives. Although for some tax purposes the SERP constituted an "unqualified deferred compensation plan," MacDonald did not make contributions during his employment to fund the plan. As he neared retirement, MacDonald selected an option under that plan consisting not of a lump-sum payout but rather an annuity that would make periodic payments designed to replace a percentage of his income once he was no longer working.

{¶ 2} Because of MacDonald's retirement and his SERP election, in preparing MacDonald's W-2 tax document, National City included an amount in box 5 (the "Medicare wages" box) that reflected the present value of his future annuity payments which was $9,107,014. But National City deliberately omitted this amount from box 18 of the W-2, which is the "local wages" box pertaining to municipal income tax, and accordingly the MacDonalds did not pay Shaker Heights income tax on that amount.

{¶ 3} The substantive issue presented and decided below—first by the city tax administrator, then by the municipal tax board, the Board of Tax Appeals ("BTA"), and the Tenth District Court of Appeals, in that order—is whether, for tax year 2006, the present value of MacDonald's future annuity payments qualifies as taxable wages or as a "pension" under a Shaker Heights ordinance that exempts pensions from the municipal income tax. The city—both the tax administrator and the municipal tax board—held that the amount at issue were subject to municipal income tax. The BTA reversed, and the Tenth District affirmed the BTA.

{¶ 4} On appeal to this court, the city sought to raise two issues: the substantive issue whether the tax was properly levied on the benefits at issue, and

a procedural issue whether the BTA violated a duty of deference to the determination of the municipal tax board. We declined jurisdiction over the substantive issue, but we accepted jurisdiction over the procedural issue. 139 Ohio St.3d 1470, 2014-Ohio-3012, 11 N.E.3d 1192.

{¶ 5} Accordingly, the substantive tax issue is not before this court, and we consider only the standard of review that the BTA should employ when it confronts an appeal pursuant to R.C. 5717.011 from a municipal income tax review board. The appellants are the city of Shaker Heights, the income tax administrator for the city, and the Regional Income Tax Agency ("RITA"), which administers the municipal income tax on behalf of the city. For convenience, we will refer to the appellants collectively as "the city."

{¶ 6} The city argues that when the General Assembly enacted R.C. 5717.011 in 2003, authorizing appeal to the BTA in addition to the preexisting right of appeal to the common pleas courts under R.C. Chapter 2506, the legislature must have intended that the BTA review decisions of the municipal tax boards using the same standard of review that applies under R.C. Chapter 2506. We disagree. Because there is no indication of any such intent in R.C. 5717.011, and because that section parallels the other statutes providing for appeals to the BTA at R.C. 5717.01 and 5717.02, we hold that the BTA's standard of review under R.C. 5717.011 is de novo as to both facts and law. We therefore affirm the judgment of the Tenth District Court of Appeals.

COURSE OF PROCEEDINGS BELOW

*The tax assessment against the MacDonalds*

{¶ 7} This case originated with the filing of the MacDonalds' 2006 municipal income tax return. As discussed, MacDonald retired from his executive position at National City as of December 31, 2006. He selected, as indicated, a SERP annuity option, and as a result, its present value of $9,107,013 was reported on the W-2 form, but not as wages for municipal income tax

purposes. RITA issued a tax assessment, which the MacDonalds contested. Their initial appeal was unsuccessful; the municipal tax appeal board upheld the assessment.

*The BTA proceedings and decision*

{¶ 8} The MacDonalds appealed to the BTA, which held a hearing on September 9, 2010. On December 28, 2012, the BTA issued its decision, which held that the amount at issue was exempt from taxation under the pension exclusion in the Shaker Heights tax ordinance.

{¶ 9} The BTA did address the issue of its standard of review in passing. The board cited *Tetlak v. Bratenahl*, 92 Ohio St.3d 46, 748 N.E.2d 51 (2001), for the proposition that the municipal tax board's findings should be presumed valid. It also noted that this court had not yet ruled on the standard of review under the newly enacted provision for appealing to the BTA rather than the common pleas court. *Id*. at *2.

{¶ 10} Because the BTA had ruled in favor of the MacDonalds, it was now the city's turn to appeal, and it elected to appeal to the Tenth District Court of Appeals. *See* R.C. 5717.04. The case was briefed and argued, and on February 27, 2014, the Tenth District issued its decision. In a two-to-one opinion for the court, Judge Klatt recited the history of the case and the nature of the income at issue and addressed the two assignments of error. The first assignment concerned the merits, and the Tenth District affirmed the BTA's approach and determination. A second assignment objected to the BTA's permitting further testimony on appeal and its conducting "de novo review" of the municipal tax board's decision. Here the Tenth District held that the restrictive review under R.C. Chapter 2506 did not apply because the BTA appeal statute, R.C. 5717.011, had materially different language and should not be read as incorporating those restrictions.

**{¶ 11}** The city appealed to this court, seeking review on both points. We accepted jurisdiction over the procedural issue only.

## R.C. 5717.011 REFLECTS THE GENERAL ASSEMBLY'S INTENT TO MAKE DE NOVO BTA REVIEW AVAILABLE IN MUNICIPAL INCOME TAX CASES

### *Before 2003, municipal income tax cases were appealable under R.C. Chapter 2506 to the common pleas courts, but not to the BTA*

**{¶ 12}** R.C. Chapter 2506 generally provides for appeals to the common pleas court from administrative decisions by officers and agencies, including boards, of any political subdivision in Ohio. R.C. 2506.01(A). This has long included appeals from decisions of municipal tax boards. *See, e.g., May Dept. Stores Co. v. Parma Taxation Div.,* 8th Dist. Cuyahoga App. No. 49844, 1985 WL 4353 (Dec. 12, 1985). Beginning in 2003, the legislature created an alternative route of appeal to the BTA. R.C. 5717.011, Am.Sub.H.B. No. 95, 125th General Assembly, 150 Ohio Laws, Part II, 1894-1895.

**{¶ 13}** Appeals taken under R.C. Chapter 2506 go to the common pleas court, and the hearing of the appeal "shall proceed as in the trial of a civil action," except that the court is confined to the evidentiary transcript created before the administrative authority below unless one of five criteria is present—all of which relate to some deficiency in the proceedings below. R.C. 2506.03(A). Finally, the standard of review prescribed by R.C. Chapter 2506 is deferential on issues of fact, though it is generally plenary on issues of law. *See* R.C. 2506.04:

> [T]he [common pleas] court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the

officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.

{¶ 14} The oft-quoted formulation of the standard of review under R.C. 2506.04 comes from a case that involved a common pleas court's review of a decision terminating the employment of a city employee:

> [I]t is quite evident that the Court of Common Pleas must weigh the evidence in the record, and whatever additional evidence may be admitted pursuant to R.C. 2506.03, to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision. We caution, however, to add that this does not mean that the court may blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise.

*Dudukovich v. Lorain Metro. Housing Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979).

*Even under R.C. Chapter 2506, an administrative agency's construction of local tax ordinances is reviewed de novo by the courts*

{¶ 15} One aspect of R.C. 2506.04 must be noted at the outset. On its face, the statute calls for review of the administrative decision for its *constitutionality and legality*—and there is no restriction placed upon that power of review. This contrasts with R.C. 2506.04's treatment of factual issues, which calls for review of the administrative decision to determine whether it is "arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The appellate

decisions in tax cases do not indicate that any deference is owed to the municipal tax board on issues of law. *See Cincinnati Bengals, Inc. v. Papania*, 92 Ohio App.3d 785, 787-788, 637 N.E.2d 330 (1st Dist.1993) (affirming the common pleas court's reversal of income tax assessment on the legal ground that the income at issue constituted "intangible income" exempt from city tax pursuant to the ordinance); *Cincinnati Bell Tel. Co. v. Cincinnati*, 1st Dist. Hamilton Nos. C-950931, C-950932, and C-950933, 1996 WL 733154, *1 (Dec. 24, 1996) ("on issues of law this court conducts a de novo review"), *rev'd on other grounds,* 81 Ohio St.3d 599, 693 N.E.2d 212 (1998); *Wardrop v. Middletown Income Tax Review Bd.*, 12th Dist. Butler No. CA2007-09-235, 2008-Ohio-5298, ¶ 14 ("The trial court's application of law to undisputed facts involves a 'question of law' that we may review under R.C. Chapter 2506"). Quite simply, neither the statute nor the case law provides support for the city's argument that any deference would be owed by the common pleas court to the municipal tax board on a question of law. As a result, even if the BTA's standard of review under R.C. 5717.011 were equivalent to that of the common pleas court under R.C. 2506.04, the BTA would still review legal issues without deference.

{¶ 16} It follows that the city's main argument here is unavailing to the extent that the BTA's decision addressed a question of law. Here the BTA construed and applied the Shaker Heights ordinance and determined that the amount reported in Box 5 of MacDonald's W-2 form that related to the SERP constituted a "pension" under that ordinance. The BTA acted within the proper sphere of its authority to review the determination of the municipal tax board in light of its own interpretation of the local law.

*R.C. 5717.011 tracks other BTA appeal statutes, and like them, it confers*

*authority on the BTA to conduct de novo review as to both law and facts*

{¶ 17} At oral argument, the city's counsel characterized the BTA's decision as a "factual determination" that the lump sum at issue constituted a

"pension" under the local ordinance. As discussed, the BTA resolved the issue before it *based on legal grounds*, by construing and applying the city's ordinance to essentially undisputed facts.

{¶ 18} But even if the BTA's decision is seen as a factual finding, it would still have been appropriate for the BTA to conduct a de novo review of the determination of the municipal tax board. This conclusion arises from a reading of two sources of legal authority: the statutes and the case law.

{¶ 19} The statute providing for appeals to the BTA from the boards of revision, R.C. 5717.01, and the statute providing for appeals from the tax commissioner, R.C. 5717.02(E), both contain language nearly identical to the statute at issue here, R.C. 5717.011, which states:

> The [BTA] may order the appeal to be heard upon the record and the evidence certified to it by the tax administrator, but upon the application of any interested party the [BTA] shall order the hearing of additional evidence, and the [BTA] may make such investigation concerning the appeal as it considers proper.

R.C. 5717.011(D).

{¶ 20} R.C. 5717.03(F) adds the following contours to the BTA's authority:

> The orders of the [BTA] may affirm, reverse, vacate, modify, or remand the tax assessments, valuations, determinations, findings, computations, or orders complained of in the appeals determined by the board, and the board's decision shall become final and conclusive for the current year unless reversed, vacated, or modified [on appeal].

{¶ 21} We have had occasion to fill in the blanks with case law. Unlike the rulings on questions of law discussed previously, we have held that factual issues in the tax area are confided to the administrative tribunals that are charged by statute to hear and decide tax cases. *See Health Care REIT, Inc. v. Cuyahoga Cty. Bd. of Revision*, 140 Ohio St.3d 30, 2014-Ohio-2574, 14 N.E.3d 1009, ¶ 19, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus (" 'The fair market value of [real] property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities' "); *accord Aluminum Co. of Am. v. Kosydar*, 54 Ohio St.2d 477, 483, 377 N.E.2d 785 (1978). Moreover, the BTA itself constitutes one of those "taxing authorities," with an independent duty to weigh evidence and make findings to which this court will defer. *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* 112 Ohio St.3d 309, 2007-Ohio-6, 859 N.E.2d 540, ¶ 22 (the value of property for tax purposes is a question of fact that is primarily within the province of the taxing authorities, and this court will ordinarily defer to the BTA on that issue); *Sapina v. Cuyahoga Cty. Bd. of* Revision, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 15; *Vandalia-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, ¶ 13 (noting the duty of the BTA to independently weigh evidence and reach its own independent judgment concerning property value). In the same way, the BTA's review of tax-commissioner determinations, factual as well as legal, is de novo in character. *Key Servs. Corp. v. Zaino*, 95 Ohio St.3d 11, 16, 764 N.E.2d 1015 (2002), citing *Higbee Co. v. Evatt*, 140 Ohio St. 325, 332, 43 N.E.2d 273 (1942) ("The BTA hearing is de novo"). Also, "[t]he BTA may investigate to ascertain further facts and make its own findings independent of those of the Tax Commissioner." *Key Servs., id.*, citing *Nestle Co., Inc. v. Porterfield*, 28 Ohio St.2d 190, 193, 277 N.E.2d 222 (1971).

{¶ 22} R.C. 5717.011 was enacted in 2003 and was numbered so as to fall between the statutes for appeals from decisions of boards of revision and the tax commissioner, R.C. 5717.01 and 5717.02. It follows the form of words in those two other appeal statutes, which have been construed to call for de novo review and independent judgment by the BTA in the cases appealed to it. Moreover, under appeal statutes outside R.C. Chapter 5717, the BTA possesses similar de novo review authority in appeals from decisions of the county budget commissions. *See* R.C. 5705.341, fourth paragraph (in a taxpayer appeal from the budget commission to the BTA, the BTA has broad authority to modify the budget commission's action on the fixing of tax rates, and when it chooses to modify the commission's action, "[t]he findings of the board of tax appeals shall be substituted for the findings of the budget commission * * *"); R.C. 5705.37 (in an appeal by a taxing district, public library, park district, or nonprofit from a decision of the county budget commission to the BTA, the BTA may, "in a de novo proceeding, * * * modify any action of the commission"). An exception is specifically noted in the statutes: R.C. 5747.53(G) (decisions of a county budget commission involving an alternative method of apportionment may be appealed to the BTA only "on the issues of abuse of discretion and failure to comply with the formula").

{¶ 23} Under all these circumstances, we conclude that in creating a right to appeal to the BTA from municipal tax boards, and in not specifying any limitation on the BTA authority on appeal, the General Assembly intended to confer on the BTA the authority to conduct de novo review in the context of appeals under R.C. 5717.011. It follows that the standard of review at the BTA in this case was de novo both as to facts and law, and as a result, the city's argument in this appeal must fail. Whether the BTA's decision in this case is understood primarily as a legal ruling on what constitutes a "pension" under the city ordinance, or as a fact-based application of the pension exclusion, the BTA

properly exercised its own independent judgment in determining the facts and the law.[1]  Without expressing any opinion on the substantive question of tax law, on which we declined jurisdiction, we uphold the judgment below based on our disposition of the issue of the BTA's standard of review.

CONCLUSION

{¶ 24} For the foregoing reasons, we affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

_____

Baker & Hostetler, L.L.P., Christopher J. Swift, Edward J. Bernert, and Elizabeth A. McNellie, for appellees William and Susan MacDonald.

William M. Ondrey Gruber, Director of Law, for appellant Shaker Heights and Matthew J. Rubino, Tax Administrator.

Amy L. Arrighi, for appellant Regional Income Tax Agency.

Zaino, Hall & Farrin, Richard C. Farrin, and Stephen K. Hall, urging affirmance for amici curiae Ohio Chamber of Commerce and Ohio Society of Certified Public Accountants.

Barbara A. Langhenry, Director of Law, and Linda A. Bickerstaff, Assistant Director of Law, urging reversal for amicus curiae city of Cleveland.

_____

---

[1] At oral argument, counsel for RITA properly disclaimed any contention that the BTA's authority to hear new evidence was restricted in the same manner as the common pleas court's authority under R.C. Chapter 2506.  Under R.C. 2506.03(A), the common pleas court is "confined to the transcript."  R.C. 5717.011(D) on its face requires the BTA, "upon the application of any interested party," to "order the hearing of additional evidence."  This authority to hear additional evidence is also part of the neighboring BTA appeal statutes, and we have confirmed that it means what is says. *Brown v. Levin*, 119 Ohio St.3d 335, 2008-Ohio-4081, 894 N.E.2d 35, ¶ 10-11.