[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cannata v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2016-Ohio-1094.]

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1094

CANNATA, TRUSTEE, APPELLEE, *v.* CUYAHOGA COUNTY BOARD OF REVISION

ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cannata v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2016-Ohio-1094.]**

*Taxation—When potentially material portions of the record before board of review were not transmitted on appeal, Board of Tax Appeal's reliance on an appraisal was plain error—Valuation carries forward from the filing of a prior complaint despite filing of a new complaint when the new complaint is jurisdictionally barred.*

(No. 2014-0957—Submitted October 13, 2015—Decided March 22, 2016.)

APPEAL from the Board of Tax Appeals, No. 2011-120.

_____

**Per Curiam.**

{¶ 1} This real-property-valuation case concerns the proper valuation for tax year 2009—and potentially 2010 and 2011 also—of a residential property in

Cuyahoga County. The property owner, appellee, Jill Cannata, trustee, presented an appraisal report along with the testimony of the appraiser before appellant Cuyahoga County Board of Revision ("BOR"), and the appraiser was subject both to direct and cross-examination. The BOR rejected the appraisal and retained the valuation that had been determined by appellant county fiscal officer, and the property owner appealed to the BTA. When the BOR certified the record of the proceedings to the BTA, it failed to include the audio recording of the oral testimony before the BOR. The BTA reviewed the record, incomplete as it was, and concluded that the appraisal report constituted the best evidence of the property's value.

{¶ 2} On appeal, appellant Orange City School District Board of Education ("BOE") and the two county appellants contend that the BTA acted unreasonably or unlawfully by adopting the appraisal given the absence of the recorded testimony from the record. As to the BOR and the fiscal officer, we reject the claim. The county officials had the duty to maintain and transmit the entire record, and having breached that duty, they are not entitled to claim an error that arises from that very breach.

{¶ 3} The BOE as appellant also challenges the adoption of the appraisal. Although the BOE arguably waived its objection to the new value for 2009, the BTA's adoption of the appraisal valuation, given the absence of potentially important evidence that ought to have been part of the record, constitutes plain error. At the same time, the property owner should not be deprived of its right to challenge the auditor's valuation and have its appraisal considered for whatever weight may properly be accorded to it. We therefore vacate the BTA's decision and remand with instruction that the BTA conduct further proceedings with a view to performing an independent valuation of the property.

### FACTUAL BACKGROUND

{¶ 4} At issue is a three-bedroom, three-bath residential house with an attached four-car garage and 4,173 square feet of living space located in Hunting Valley in Cuyahoga County. The lot is large: 218,118 square feet, or a little over 5 acres. The fiscal officer valued the land at $447,000 and the building at $411,600, for a total property value of $858,600 for tax year 2009.

{¶ 5} The owner filed the complaint seeking a reduction from $858,600 to $325,000, after which the BOE filed a countercomplaint seeking retention of the fiscal officer's valuation. At the hearing before the BOR, the property owner presented an appraisal opining a value of $330,000, based on a comparable-sale analysis and cost analysis, primarily the former. The BOR's worksheet reflects (1) the appearance by the BOE's attorney, (2) the submission of the written appraisal report of Julian Vanni as an exhibit, and (3) the presence of Vanni as a witness before the BOR at the hearing. But the BOR failed to certify the audio recording of the hearing with the record to the BTA (the "audio of hearing" was listed on the index of the BOR transcript but was marked "not available").

{¶ 6} At the BOR, the BOE presented evidence of its own in the form of printouts from the fiscal officer's website of properties sold in the area, which were summarized on a grid. Twelve of the properties were improved residential properties; eight were vacant land. The average price of the improved properties was $285.59 per square foot, a figure that, when applied to the living area of the subject property, would yield a sale price of $1,191,767. This contrasts with the $330,000 valuation in the appraisal, which calculated to $79 per square foot.

{¶ 7} The BOR retained the fiscal officer's valuation, and the owner appealed to the BTA. The BOE filed a motion to limit the exercise of the BTA's jurisdiction to the 2009 tax year on the grounds that the owner had filed new complaints for 2010 and 2011. The owner filed a memorandum opposing that limitation.

**{¶ 8}** At the BTA hearing, counsel for the owner made the sole appearance, and he presented once again the written appraisal report that was presented below. He also argued against the motion to limit jurisdiction to the 2009 tax year. No briefs were filed at the BTA.

**{¶ 9}** On May 9, 2014, the BTA issued a decision in which it overruled the motion to limit jurisdiction and adopted the appraiser's valuation of the property, thereby reducing the value to $330,000 for tax year 2009. BTA No. 2011-120, 2014 Ohio Tax LEXIS 2939 (May 9, 2014). In its footnotes, the BTA noted that the record did not contain the audio recording of the BOR hearing, and it admonished the BOR for not complying with its statutory duty to transmit the entire record. *Id.* at 1, fn. 1. The BTA did not explicitly extend its finding of value to the later tax years.

**{¶ 10}** The county fiscal officer and the BOR filed a notice of appeal in this court; the BOE filed a separate appeal and moved to supplement the record with the briefs on the motion it had filed at the BTA. We granted the motion to supplement.

**{¶ 11}** On appeal, the county and the BOE advance two propositions of law:

1. The Board of Tax Appeals erred in accepting an appraiser's opinion of value that was previously rejected by the county board of revision, when there is no record of the appraiser's testimony, and when no new evidence of value was presented to the Board of Tax Appeals.

2. The Board of Tax Appeals erred when it denied the Board of Education's motion to limit jurisdiction to tax year 2009 only and carried forward the tax year 2009 determination of value to tax years 2010 and 2011 in spite of the Owner having filed

4

complaints with the county board of revision for each of the subsequent years within the same triennium (2010 and 2011) contrary to R.C. 5715.19(D).

**THE COUNTY APPELLANTS MAY NOT PROFIT FROM THEIR OWN NEGLIGENCE IN FAILING TO PRESERVE AND CERTIFY THE HEARING RECORD**

{¶ 12} The first proposition of law claims that the BTA had a legal duty to avoid adopting the appraisal valuation because the audio recording of the examination and cross-examination of the appraiser was not certified as part of the record. We find that this argument is barred as to the county fiscal officer and the BOR.

{¶ 13} When an appeal has been prosecuted to the BTA from the BOR, R.C. 5717.01 specifically requires the BOR to "certify to the board of tax appeals a transcript of the record of the proceedings of the county board of revision pertaining to the original complaint, and all evidence offered in connection therewith." By statute, the fiscal officer is the secretary of the BOR, specifically charged with "keep[ing] an accurate record of the proceedings of the board" and with "perform[ing] such other duties as are incidental to the position." R.C. 5715.09.

{¶ 14} Here, the fiscal officer and the BOR defaulted on their statutory obligation to supply a record of "all evidence offered" below. Yet they ask for reversal of the BTA's decision on the grounds that the audio recording that they failed to preserve and transmit as part of the record was necessary to the BTA's consideration and adoption of the appraisal. In effect, they argue that the BTA could not depart from the value found by the BOR because the BOR failed to transmit the record in its entirety. We decline to entertain this claim because the county is seeking to take advantage of its neglect of its duty to transmit the audio

of the hearing to the BTA. We therefore reject the claim of error as advanced by the county appellants.

## ADOPTING THE APPRAISAL VALUATION WITHOUT A DEVELOPED RECORD WAS PLAIN ERROR

{¶ 15} The BOE also advances the first proposition of law here, contending that the BTA could not rely on the written appraisal report, because the audio of hearing was marked as "not available" on the index to the BOR transcript. The argument rests on the obvious potential significance of the examination and cross-examination of the owner's appraiser in determining the probative value of the appraisal report.

{¶ 16} As the BOE argues, "only the BOR had the benefit of having the appraiser appear before it and only the BOR had the ability to hear his testimony and question the appraiser first hand." The BOE also argues that once the BOR rejected the appraisal, the BTA ought not to have adopted it "without the benefit of hearing the appraiser's testimony and without the ability to examine [the appraiser]," based "only [on] assurances from the Owner's spouse that [the appraiser] did make adjustments."[1] In opposition, the owner argues that the appraisal report contains adjustments to the comparables in the report itself, that it constitutes evidence of value, and that the BTA properly exercised its duty of evaluating and finding value based on the evidence that was in the record before it.

{¶ 17} In essence, this dispute involves competing claims of unfairness. On the one hand, the property owner thinks that it would be unfair to lose the benefit of the BTA's adoption of her appraisal merely because the BOR failed to certify the entire record to the BTA. On the other hand, the BOE thinks that it was unfair for the BTA to have adopted the value set forth in the written appraisal

---

[1] The owner's spouse is the counsel who made the sole appearance at the BTA hearing.

report when the BTA was not able to evaluate the testimony of the appraiser offered during the BOR's hearing. Both sides have a legitimate grievance arising from the BOR's failure to perform its statutory duty.

{¶ 18} Under other circumstances, it might be dispositive that the BOE waived hearing before the BTA and did not object to the use of the appraisal to value the property for tax year 2009. Additionally, the BOE did not exercise its rights as an appellee before the BTA to impugn the written appraisal report. Thus, the BOE waived its challenge to the lower value for tax year 2009. *See Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 549, 2015-Ohio-4837, 45 N.E.3d 968, ¶ 14.

{¶ 19} But under these circumstances, the BOE's procedural omissions do not deter us from considering its point; we conclude that the BTA's reliance on the owner's appraisal, given the absence of potentially material portions of the record, constituted plain error that we may correct on appeal despite a waiver below. *Compare Crown Communication, Inc. v. Testa*, 136 Ohio St.3d 209, 2013-Ohio-3126, 992 N.E.2d 1135, ¶ 18-19.

{¶ 20} Although "[t]he BTA is responsible for determining factual issues," we will not sustain its findings where the record does not contain "reliable and probative evidence" to support them. *Am. Natl. Can Co. v. Tracy*, 72 Ohio St.3d 150, 152, 648 N.E.2d 483 (1995); *A. Schulman, Inc. v. Levin*, 116 Ohio St.3d 105, 2007-Ohio-5585, 876 N.E.2d 928, ¶ 20. Here the reliable and probative character of the owner's appraisal was called into question by the fact that the BOR rejected it based upon a record that was not preserved and made available to the BTA. Moreover, the appraisal opinion of value, $330,000, reflected a reduction of 62 percent from the fiscal officer's original valuation, and the character of the property called for careful scrutiny of an appraisal that advocated so great a reduction. We therefore conclude that the BTA erred by adopting the appraisal valuation under these circumstances.

**{¶ 21}** The BTA possesses ample statutory authority to address the problems presented in this particular case. Pursuant to R.C. 5717.01, the BTA may "order the hearing of additional evidence" and may "make such investigation concerning the appeal as it deems proper." Moreover, we have held that the BTA's standard of review is de novo when determining the factual issues before it. *See MacDonald v. Shaker Hts. Bd. of Income Tax Rev.*, 144 Ohio St.3d 105, 2015-Ohio-3290, 41 N.E.3d 376, ¶ 18, 21. Accordingly, we vacate the BTA's decision and remand with the instruction that the BTA issue an order, pursuant to R.C. 5717.01, that is supported by reliable and probative evidence.

### THE FILING OF A JURISDICTIONALLY DEFECTIVE COMPLAINT DOES NOT STOP THE CARRYFORWARD UNDER R.C. 5715.19(D)

**{¶ 22}** The BOE did argue below that the BTA had jurisdiction to determine value only for 2009, the tax year placed at issue by the complaint, not for 2010 and 2011, the remaining two years of a triennial interim period in Cuyahoga County. The BOE, apparently assuming that the owner might prevail with its appraisal, wanted to cut off the value reduction for the two later years. The BTA overruled its motion, and the BOE renews its argument on appeal.

**{¶ 23}** The BOE attached to its motion copies of the complaints that the owner had filed for the subsequent tax years, 2010 and 2011, along with the BOR order dismissing the 2010 complaint as being the second one filed within the same triennium. The order dismissing the 2011 complaint is not in evidence, but the BTA recognized that it had been dismissed. 2014 Ohio Tax LEXIS 1, fn. 1.

**{¶ 24}** The basis for dismissal was the prohibition of multiple filings during the same three-year "interim period." R.C. 5715.19(A)(2) sets forth the restriction:

> No person, board, or officer shall file a complaint against
> the valuation or assessment of any parcel that appears on the tax

list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the [circumstances set forth in the statute].

{¶ 25} "Interim period" refers to "the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again," R.C. 5715.19(A)(2), and R.C. 5715.24 refers to procedures in conjunction with the sexennial appraisal (i.e., the reappraisal that occurs in each county once every six years) and the triennial update (i.e., the update of property values that occurs the third year after a sexennial reappraisal). In other words, the law prohibits a claimant from filing a new complaint if that same claimant has already filed for the same property in the same three-year interim period, or triennium, except under circumstances specifically set forth in the statute.

{¶ 26} Appellants maintain that the filing of those complaints, even though they were properly dismissed, cut off any carryforward of the 2009 valuation. The carryforward provision is set forth in R.C. 5715.19(D):

Liability for taxes and recoupment charges for such year and each succeeding year until the complaint is finally determined * * * shall be based upon the determination, valuation, or assessment as finally determined.

{¶ 27} This carryforward provision complements the prohibition at R.C. 5715.19(A)(2) by assuring that the proceedings on a complaint will carry into the later years of the triennium during which the proceedings are pending—thereby

obviating the need for a subsequent complaint in the same triennium. Here, the carryforward provision would establish the valuation for the 2009 year as the basis for valuing the property in 2010 and 2011 as well.

{¶ 28} We have noted certain limits to the operation of the carryover provision, however. For one thing, the duties of the fiscal officer to determine new values during the reappraisal and update years may prevent an earlier year's value from being carried forward. *See AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision*, 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472. In *AERC*, we recognized that the carryover had to be harmonized with the statutes requiring update and reappraisal; as a result, the beginning of a new triennium as a general matter reflects the cutoff point for a carryover under R.C. 5715.19(D). *Id*. at ¶ 20. Nonetheless, we have regarded the carryforward to be the rule within the triennium. *See Oberlin Manor, Ltd. v. Lorain Cty. Bd. of Revision*, 69 Ohio St.3d 1, 2, 629 N.E.2d 1361 (1994); *accord Apple Group Ltd. v. Medina Cty. Bd. of Revision*, 139 Ohio St.3d 434, 2014-Ohio-2381, 12 N.E.3d 1188, ¶ 20, 24-25.

{¶ 29} The carryforward might also be limited by the filing of a new complaint, which would initiate a new proceeding to determine the property's value, thereby making it improper to carry forward the value determined in connection with the earlier-filed complaint. *See Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 74 Ohio St.3d 639, 642, 660 N.E.2d 1179 (1966) ("Although the language of R.C. 5715.19(A) gives a person a right to file at least one complaint per triennium, the school board's interpretation of [the carryover provision in] R.C. 5715.19(D) would nullify the effect of that right," inasmuch as its interpretation "would not allow a board of revision to determine a value for the year of a new complaint" filed in the second triennium of the sexennial period).

{¶ 30} The *Cincinnati* case makes clear that a complaint properly filed in a new triennium supersedes the carryover from the earlier complaint. This case

presents the question: what about a jurisdictionally improper and therefore dismissed complaint filed for the following two years of the same triennium? We hold that the logic of the *Cincinnati* case does not extend to a jurisdictionally barred complaint filed in the same triennium, with the result that the carryforward continues to apply despite the filing of those complaints. This result is already explicit in our case law, even if the issue has not previously been squarely presented. *Fogg-Akron Assocs., L.P. v. Summit Cty. Bd. of Revision*, 124 Ohio St.3d 112, 2009-Ohio-6412, 919 N.E.2d 730, ¶ 10 ("the filing of a 'fresh complaint' * * * terminates the continuation of an earlier complaint, *as long as the new complaint is procedurally valid*" [emphasis added]); *Cincinnati*, 74 Ohio St.3d at 642 ( "The only construction of R.C. 5715.19 that will [harmonize the carryover provision with the right to file a new complaint] is one that holds that the carryover from the filing of a prior complaint is not applicable to the tax year and succeeding years for which a *valid* new complaint is filed and determined by a board of revision" [emphasis added]).

{¶ 31} We reject the BOE's argument that the 2010 and 2011 complaints superseded the carryover from the 2009 complaint.

### CONCLUSION

{¶ 32} For the foregoing reasons, we vacate the decision of the BTA and remand for further proceedings consistent with this opinion. On remand, the BTA shall exercise its statutory authority to develop the record pursuant to R.C. 5717.01, issue an order supported by reliable and probative evidence, and apply its valuation for tax year 2009 to tax years 2010 and 2011.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

FRENCH, J., dissents with an opinion in which KENNEDY, J., joins.

————————————

**French, J., dissenting.**

**{¶ 33}** I agree with the majority's holding that having breached the duty to maintain and transmit the entire record of proceedings to the Board of Tax Appeals ("BTA"), appellants Cuyahoga County Board of Revision ("BOR") and the Cuyahoga County Fiscal Officer are not entitled to claim an error that arises from that breach. I further agree with the majority's rejection of appellant Orange City School District Board of Education's ("BOE") argument that the 2010 and 2011 complaints filed by the property owner superseded the carryover from the 2009 complaint. Nevertheless, I respectfully dissent from the judgment vacating the BTA's decision and remanding this matter for further proceedings before the BTA.

**{¶ 34}** The majority acknowledges that the BOE waived any challenge to the BOR's adoption of a lower tax value for tax year 2009 by not objecting to the use of the appraisal report submitted by the property owner and by not exercising its rights as an appellee before the BTA to impugn the written appraisal report. While it states that the BOE's waiver "might be dispositive" in some circumstances, the majority concludes that the BTA's reliance on the appraisal report amounted to plain error here. I disagree.

**{¶ 35}** The plain-error doctrine originated as a concept in criminal law. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). With respect to its application in civil cases:

> [R]eviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

*Id.* The same rationale applies here even though neither the BOR nor the BTA exercises "civil jurisdiction at law or in equity." *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, 124 Ohio St.3d 349, 2010-Ohio-249, 922 N.E.2d 209, ¶ 14. This is not a case in which exceptional circumstances require the application of the plain-error doctrine to prevent a manifest miscarriage of justice.

{¶ 36} R.C. 5717.01 states that in appeals from the BOR, the BTA "may order the appeal to be heard on the record and the evidence certified to it by the county board of revision, or it may order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper." Thus, as the majority notes, the BTA has discretionary authority to order the hearing of additional evidence. Here, the BTA exercised its discretion to instead decide the appeal on the record and the evidence certified to it by the BOR, and that decision did not amount to plain error.

{¶ 37} As the appellant before the BTA, the property owner had the burden of proof, *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001), and the owner resubmitted the written appraisal report to satisfy that burden. The BOE did not object to the appraisal report before the BTA, nor did it exercise its rights as an appellee to impugn the appraisal report or to summon the appraiser to a deposition or to the hearing to establish the appraisal's lack of probative character.

{¶ 38} The BTA has broad discretion to determine the weight and the credibility of the evidence before it. *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 9. And here, it was entitled to accept the appraisal report for what it appeared to be: an expert opinion of the property value as of the relevant tax-lien date, using acknowledged methods and, in particular, adjusting comparable sales to arrive at a value for the subject property. Contrary to the majority's conclusion, I do not consider either

the BOR's rejection of the appraised value or the difference between the appraised value and the fiscal officer's original value as precluding the BTA's reliance on the appraisal report as reliable, probative evidence.

{¶ 39} In light of the BOE's choice to not exercise its rights as an appellee or to object to the appraisal report before the BTA, I conclude that the BTA did not commit plain error in adopting the appraiser's valuation. I therefore dissent, and I would affirm the BTA's decision.

KENNEDY, J., concurs in the foregoing opinion.

_____

Siegel Jennings Co., L.P.A., J. Kieran Jennings, Jason Lindholm, and Deborah Papushak, for appellee.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Mark R. Greenfield, Assistant Prosecuting Attorney, for appellants Cuyahoga County Fiscal Officer and Cuyahoga County Board of Revision.

Kadish, Hinkel & Weibel, Kevin M. Hinkel, Rita M. Jarrett, and John P. Desimone, for appellant Orange City School District Board of Education.

_____