**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-4286.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4286

GROVEPORT MADISON LOCAL SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.*

FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; SEARS ROEBUCK

& COMPANY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4286.]**

*Real-property valuation—BTA's independent valuation of property using evidence in the record—Regularity presumed in official actions—Decision affirmed.*

(No. 2017-0921—Submitted Sept. 11, 2018—Decided October 24, 2018.)

APPEAL from the Board of Tax Appeals, No. 2016-542.

_____

**Per Curiam.**

{¶ 1} At issue in this property-tax appeal is the value for 2014 and 2015 of a 569,216 square-foot distribution warehouse with office space in Groveport. At the hearing before the Franklin County Board of Revision ("BOR"), the property owner, appellant, Sears Roebuck & Company, presented appraiser testimony and a

written appraisal report, and appellee Groveport-Madison Local Schools Board of Education ("school board") presented testimony from a different appraiser along with a "consulting report." The BOR adopted Sears's appraisal value, and the school board appealed.

{¶ 2} Before the Board of Tax Appeals ("BTA"), the parties waived hearing. The BTA discussed the evidence, inferring that the BOR might have considered material not in the record, and arrived at an independent valuation of the property of $13,125,450 by using probative aspects of the two expert reports.

{¶ 3} Sears has appealed, and citing *Cannata v. Cuyahoga Cty. Bd. of Revision*, 147 Ohio St.3d 129, 2016-Ohio-1094, 62 N.E.3d 144, it argues that the BTA's determination is invalid because the BOR record contains a suggestion that the BOR might have reviewed documents, testimony, or opinions from another case that were not made part of the BOR's record in this case. Additionally, Sears faults the BTA's reliance on material contained in the school board's consulting report. We disagree, and we therefore affirm.

## I. BACKGROUND

{¶ 4} The auditor valued the property at $13,149,000 for tax year 2014, an update year in Franklin County. Sears filed a complaint seeking a reduction to $10,685,000. The school board filed a countercomplaint seeking retention of the auditor's value.

{¶ 5} At the BOR hearing, Sears presented the appraisal and testimony of Richard Racek Jr., MAI, who performed sales-comparison and income-capitalization approaches and reconciled them to a valuation of $11,200,000. The school board presented a report called a "Restricted Use Appraisal," or "Consulting Report," along with the testimony of its preparer, Samuel Koon, MAI. Koon performed an analysis to advise on "the appropriateness of the property owner's request for a real estate reduction through the BOR." Koon engaged in a summary sales-comparison and income-capitalization analysis and determined a value range

of $12,520,000 to $13,660,000 under the former and $14,030,000 to $14,460,000 under the latter. Koon concluded that Sears's reduction request was not warranted.

{¶ 6} The BOR adopted the Racek appraisal valuation of $11,200,000. During its deliberation, the BOR articulated its view that Racek had presented a "full, self-contained report for [the BOR's] consideration." Concerning the Koon report, the BOR noted the various designations as a "restricted-use appraisal" and a "consulting report" and expressed its uncertainty as to "what type of report this is," and as a result "turn[ed its] attention more to Mr. Racek."

{¶ 7} The school board appealed, and the parties waived a hearing at the BTA. The BTA observed that the BOR's suggestion that Koon's report was not a "full report" might imply that the BOR had engaged in discussion that was not part of the record. BTA No. 2016-542, 2017 WL 2540317, *1 (June 7, 2017). Later, when discussing the appraisals, the BTA stated that "repeated references to an earlier BOR hearing" made "clear" that "the appraisers' analysis was discussed in much more detail than is present in the record certified to this board." *Id*. at *3. The BTA referred to the "lack of potentially material testimony." *Id*.[1]

{¶ 8} The BTA then performed an independent valuation of the property by taking elements from each appraisal that it concluded were best supported by the evidence and construing its own figures from the appraisal comparables. It arrived at a value of $13,125,447, a number almost the same as the auditor's original valuation of the property. Sears has appealed.

---

1. The BTA inferred the omission of "potentially material testimony" from certain scant references in the record. During the BOR hearing, the school board's counsel stated during cross-examination of Racek that "a lot of these [comparables], again, are the same, so I won't ask you the same questions," thereby alluding to an earlier hearing. Three additional references to matters outside the record occurred during the cross-examination of Koon. Sears's counsel refers to Koon's capitalization rate "on the case we discussed just a little bit ago." Then, Koon himself twice refers to a different report he prepared in explaining why he did what he did in the report in this case. In both instances, Koon appeared to explain his reasoning in the present case, thereby controverting the likelihood that material testimony is absent from the record in this case. Notably, there is no reference during the BOR's deliberation to any evidence that was not presented in this case.

## II. ANALYSIS

### A. The BTA discharged its duty to perform an independent valuation of the property

{¶ 9} Sears's first proposition of law asserts that the record did not contain sufficient evidence to permit the BTA to perform an independent valuation. But the BTA did have before it both the Racek appraisal and the Koon "consulting report." The gravamen of Sears's argument is not the paucity of evidence overall, but (1) the omission from the record of evidence alluded to and presumed to have been considered by the BOR and (2) the reliance on content from Koon's report inasmuch as that report was not a full appraisal of the property. However, we conclude that by analyzing the value evidence before it and using those portions of each expert's report that it found probative of value, the BTA acted in full accordance with the directives set forth in the case law.

{¶ 10} First, the case law makes clear that "the weighing of evidence and the assessment of credibility as regards both of the appraisals are the statutory job of the BTA." *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 9. The BTA exercises " 'wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses that come before it.' " *Id*., quoting *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision*, 44 Ohio St.2d 13, 336 N.E.2d 433 (1975), paragraph three of the syllabus. Accordingly, we reverse only on "a showing of an abuse of discretion." *EOP-BP* at ¶ 14.

{¶ 11} Second, the case law makes clear that the BTA has discretion to depart from any particular appraisal opinion of value and independently determine a value based on whatever evidence in the record the BTA finds to be the most probative. In *EOP-BP*, the BTA evaluated two conflicting appraisals, found one to be more probative overall but disallowed some of its deductions, and made its own determination of value. *Id*. at ¶ 9. We affirmed.

**{¶ 12}** Another example is *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196 ("*Colonial Village II*"), in which the court remanded the valuation for the 2003 tax year on the grounds that the county had improperly relied on a cost valuation for government-subsidized housing. *See Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St. 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 20, 24-25 ("*Colonial Village I*"). On remand, the BTA used the evidence in the record, including evidence contained in an appraisal report, and developed its own income approach to determine the property value. *Colonial Village II* at ¶ 8. On appeal after remand, we rejected the property-owner appellant's contentions and affirmed that valuation. *Id*. at ¶ 17. Again, the present appeal presents similar circumstances.

**{¶ 13}** Sears argues that the BTA erred by "utiliz[ing] the Koon report as if it [were] an appraisal." Sears contends that Koon's report was unreliable because he did not present a full appraisal report or include in his report the detail and opinion of value that would have been presented in a full appraisal. But the BTA did not rely in an undifferentiating manner on Koon's report. Instead, the BTA looked at information contained within the report and evaluated it in conjunction with its consideration of Racek's appraisal report. *See AP Hotels of Illinois, Inc. v. Franklin Cty. Bd. of Revision*, 118 Ohio St.3d 343, 2008-Ohio-2565, 889 N.E.2d 115, ¶ 16 (factual material certified by appraiser may be considered as evidence).

**{¶ 14}** Nor are we persuaded by Sears's argument that "the errors of the BTA are so numerous and significant that they rise to the level of reversible error." With respect to expense items in particular, the two reports took different approaches, and we conclude that Sears has failed to show clear errors, let alone a profusion of them. Likewise, this case materially differs from *Polaris Amphitheater Concerts, Inc. v. Delaware Cty. Bd. of Revision*, 118 Ohio St.3d 330, 2008-Ohio-2454, 889 N.E.2d 103, ¶ 16, in which the BTA adopted the auditor's

land valuation that had been contradicted by both competing appraisals. That is far from the situation here.

**{¶ 15}** In *Colonial Village II*, we articulated the precept that the BTA's duty extends not only to independently evaluating all the evidence in the record, but also to performing an independent valuation of the property based on the record when there is sufficient evidence to do so. 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, at ¶ 25. The BTA has discharged that duty here.

### B. *Cannata* is inapposite

**{¶ 16}** Sears argues that the BTA could not determine a value using the two appraisal reports because under *Cannata*, 147 Ohio St.3d 129, 2016-Ohio-1094, 62 N.E.3d 144, "the BTA may not rely on the incomplete record in making a decision." That proposition sweeps far more broadly than our narrow holding in *Cannata*.

**{¶ 17}** In *Cannata*, we vacated and remanded because the BTA had adopted the owner's appraisal, which had been rejected by the board of revision. Our concern lay in the board of revision's failure to include in the certified record the audio recording of the board-of-revision hearing, at which the owner's appraiser had been cross-examined. Since the board of revision had rejected the appraisal, we were willing to infer that the missing hearing testimony might well be material to evaluating it. *Id.* at ¶ 3. In this case, by contrast, the BOR adopted Racek's appraisal valuation, and thereafter, the BTA used elements of Racek's appraisal in performing its own independent determination of value, while also using elements of Koon's report. These circumstances simply do not raise the inference that we drew in *Cannata*.

**{¶ 18}** Even more significantly, the missing evidence in *Cannata* was the record of the hearing testimony taken *on the very complaint at issue*, which the board of revision was specifically required to certify to the BTA as part of the record. *Id.* at ¶ 9; R.C. 5717.01 (requiring the board of revision to "certify to the board of tax appeals a transcript of the record of the proceedings of the county board

of revision *pertaining to the original complaint*, and all evidence *offered in connection therewith*" [emphasis added]). By contrast, the statute does not require certification of the record in other cases before the board of revision that might have provided the context for the BOR's decision in the present case.[2] Whereas *Cannata* presented a clear violation of an explicit statutory mandate, the present case presents nothing of the sort. Accordingly, we reject Sears's reliance on *Cannata* and find it inapposite to the present appeal.

### C. The BTA's independent determination of value does not violate constitutionally required uniformity

{¶ 19} Sears's second proposition of law presents a constitutional backstop to its statutory arguments—Sears alleges that the BTA's determination of value violates the uniformity required by Article XII, Section 2 of the Ohio Constitution. The essence of this contention is that because the BTA's decision was "made without critical evidence from the record," it "does not value the property according to its true value."

{¶ 20} This argument consists of little more than pinning a constitutional label on the argument that the BTA's valuation is not the true value of the property. We have explained why the BTA's decision accords with the relevant statutes and case law, and by invoking the Ohio Constitution, Sears adds nothing to that analysis.

{¶ 21} Sears does contend, as an additional basis for its constitutional challenge, that "the BTA's Decision creates the appearance of being outcome-oriented, picking and choosing from one appraisal and a consulting report to achieve a result very similar to the county's original valuation." This allegation

---

2. The same distinction holds between the present case and *Arbors E. RE, L.L.C. v. Franklin Cty. Bd. of Revision*, 153 Ohio St.3d 41, 2018-Ohio-1611, 100 N.E.3d 379, ¶ 17-18, and *Lutheran Social Servs. of Cent. Ohio Village Hous., Inc. v. Franklin Cty. Bd .of Revision*, 150 Ohio St.3d 125, 2017-Ohio-900, 79 N.E.3d 541, ¶ 14-15, in which the board of revision, as in *Cannata*, failed to transmit evidence that had been specifically presented in the case at bar.

challenges the good faith of the BTA as a fact-finding tribunal. The starting point for analyzing this type of claim is the principle that "[t]he action of an administrative officer or board * * * is presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment." *Wheeling Steel Corp. v. Evatt*, 143 Ohio St. 71, 54 N.E.2d 132 (1944), paragraph seven of the syllabus; *accord Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 146 Ohio St.3d 412, 2016-Ohio-1506, 57 N.E.3d 1126, ¶ 57 (the court presumes regularity in official actions).

{¶ 22} Apart from its own disagreement with the BTA, Sears offers no evidence that would impugn the motives of the BTA. *Accord Jakobovitch v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 187, 2017-Ohio-8818, 94 N.E.3d 519, ¶ 34. Thus, the presumption of regularity calls for rejection of the constitutional claim.

### III. CONCLUSION

{¶ 23} For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

O'DONNELL, J., dissents and would adopt the valuation of the Franklin County Board of Revision.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Karol C. Fox, for appellee Groveport Madison Local Schools Board of Education.

Vorys, Sater, Seymour & Pease, L.L.P., Karen H. Bauernschmidt, Nicholas M.J. Ray, Heather M. Lutz, Lindsay Doss Spillman, and Marcel C. Duhamel, for appellant.

_____