[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jakobovitch v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-8818.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8818

JAKOBOVITCH, APPELLANT, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jakobovitch v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-8818.]

*Taxation—Real-property valuation—Property owner failed to carry her burden of adducing competent and probative evidence of her proposed value of subject property—Board of Tax appeals did not fail to resolve all questions of law and fact arising from proceedings before board of revision—Board of Tax Appeals' decision affirmed.*

(No. 2015-1431—Submitted September 26, 2017—Decided December 6, 2017.)

APPEAL from the Board of Tax Appeals, No. 2014-3406.

_____

**Per Curiam.**

{¶ 1} In this real-property-valuation case, appellant, Galina Jakobovitch, filed a complaint seeking to reduce the valuation assigned to her property by the Cuyahoga County fiscal officer. The Cuyahoga County Board of Revision

("BOR") and the Board of Tax Appeals ("BTA") both retained the fiscal officer's valuation. Jakobovitch has appealed the BTA's decision, raising both value-related arguments and procedural arguments. Because Jakobovitch has not shown that the BTA acted unreasonably or unlawfully, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

{¶ 2} The subject property consists of a single-family dwelling located on a roughly .45-acre parcel in the city of Beachwood. For tax year 2013, Jakobovitch filed a complaint seeking to reduce the fiscal officer's valuation from $1,429,100 to $850,000. Appellee Beachwood City School District Board of Education ("the BOE") filed a countercomplaint, urging retention of the fiscal officer's valuation.

### BOR proceedings

{¶ 3} At the BOR hearing, Jakobovitch furnished a list of purportedly comparable properties sold between 2010 and 2014. The list is difficult to interpret, but it appears to show home values ranging from $575,100 to $931,000. Jakobovitch did not testify about the houses on the list.

{¶ 4} Jakobovitch also presented a financing appraisal, which opined a value of $1,050,000 as of July 2010. The appraiser did not appear to testify.

{¶ 5} When asked why Jakobovitch had requested a valuation of $850,000, her counsel responded that the request was "just a prayer." Counsel also posited that there is a limited market for the subject property due to both the excessive size and the religious features of the house. No analysis was offered to quantify how these attributes affect the property's value.

{¶ 6} For its part, the BOE stated that the financing appraisal that Jakobovitch submitted should not be given weight because the appraisal did not value the property as of the 2013 tax-lien date, the appraiser did not appear to testify, and the comparables identified in the appraisal were not located near the subject property.

**{¶ 7}** The BOR retained the fiscal officer's valuation. The BOR's hearing notes indicate that the appraisal was "dated (3 years old)" and that there was a "lack of probative evidence" to justify a reduction.

## BTA proceedings

**{¶ 8}** Jakobovitch appealed to the BTA. The BTA observed that Jakobovitch bore the burden to present competent and probative evidence of her proposed value, and it found that she failed to meet this burden. Specifically, the BTA refused to assign evidentiary value to Jakobovitch's appraisal or to her list of comparable sales. It also found that her averments regarding the installation of religious features on the property were insufficient to justify a reduction. Because the BTA found that Jakobovitch did not meet her burden, and because it found that the record did not contain enough evidence to permit an independent determination of value, it adopted the fiscal officer's valuation. Jakobovitch then filed this appeal.

## STANDARD OF REVIEW

**{¶ 9}** We will affirm a BTA decision that is reasonable and lawful. *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14. Our review of the BTA's resolution of legal issues is de novo, but we will defer to the BTA's findings concerning the weight of the evidence if the record supports them. *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13.

## DISCUSSION

**{¶ 10}** Jakobovitch raises eight propositions of law. We will address her value-related arguments first and her procedural arguments second.

## Jakobovitch's value-related arguments

**{¶ 11}** An overarching theme running throughout Jakobovitch's brief, and one featured prominently in her third proposition of law, is that the BTA misapplied the standards governing her burden of proof. In her view, the BTA's departure

from these standards caused it to disregard her evidence of value in favor of the fiscal officer's valuation.

{¶ 12} The burden-of-proof standards that apply in a real-property-valuation case are well settled, and we find no error in the BTA's application of these standards. "[T]he party challenging the board of revision's decision at the BTA has the burden of proof to establish its proposed value as the value of the property." *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23; *see also W. Industries, Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342, 164 N.E.2d 741 (1960) ("The burden is on the taxpayer to prove his right to a deduction. He is not entitled to the deduction claimed merely because no evidence is adduced contra his claim"). To meet that burden, the appellant must furnish "competent and probative evidence" of the proposed value. *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 6. "[T]he board of revision (or auditor),"[1] on the other hand, "bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies, with the result that the BTA is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof at the BTA." *Colonial Village* at ¶ 23.

{¶ 13} It follows from the case law that Jakobovitch bore the burden of proof at the BTA to adduce competent and probative evidence of her proposed value. With this settled principle in mind, we now turn to her more specific arguments.

*Jakobovitch's challenge to the BTA's treatment of her appraisal*

{¶ 14} Jakobovitch argues in her seventh proposition of law that the BTA erred in disregarding her July 2010 financing appraisal. We confronted a similar

---

[1] In Cuyahoga County, the fiscal officer performs the functions normally performed by a county's auditor. *See Bowman v. Cuyahoga Cty. Fiscal Officer*, 8th Dist. Cuyahoga No. 102492, 2015-Ohio-2866, ¶ 10, fn. 3; *see also Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 3, fn. 1.

argument under analogous circumstances in *Musto v. Lorain Cty. Bd. of Revision*, 148 Ohio St.3d 456, 2016-Ohio-8058, 71 N.E.3d 279, ¶ 40-42. There, the owner furnished an appraisal that opined a value almost three years prior to the tax-lien date. The appraisal had been performed for financing purposes, and the appraiser did not testify. The BTA refused to credit the appraisal, and we determined that the BTA's determination was reasonable. We find *Musto* applicable here.

{¶ 15} First, the appraisal submitted by Jakobovitch opined a value as of July 2010 and thus does not coincide with the 2013 tax-lien date. The vintage of an appraisal matters because " 'the essence of an assessment is that it fixes the value based upon facts as they exist at a certain point in time.' " *Id.* at ¶ 41, quoting *Freshwater v. Belmont Cty. Bd. of Revision*, 80 Ohio St.3d 26, 30, 684 N.E.2d 304 (1997). Second, Jakobovitch "did not introduce testimony alongside [her] appraisal to explain its application to the tax-lien date." *Id.* at ¶ 41. Lastly, the appraisal was performed for financing purposes. In the absence of supporting testimony, applying a financing appraisal in the tax-valuation setting can be problematic because it may not necessarily represent a " 'complete and thorough evaluation of the property.' " *Id.* at ¶ 42, quoting *Metzler v. Pickaway Cty. Bd. of Revision*, BTA No. 2004-R-481, 2005 WL 2911447, *3 (Oct. 21, 2005). It follows that the BTA did not err here in disregarding the appraisal.

{¶ 16} Jakobovitch asserts in her fifth proposition of law that the BTA created a bright-line rule that requires the property owner to adduce an appraisal to justify a reduction in value. However, as was true in *Moskowitz v. Cuyahoga Cty. Bd. of Revision*, 150 Ohio St.3d 69, 2017-Ohio-4002, 78 N.E.3d 870, ¶ 15, Jakobovitch confuses the BTA's finding that her nonappraisal evidence was not probative with an ironclad rule that an appraisal is necessary to justify a reduction in value. This argument is even less convincing here because Jakobovitch presented an appraisal to support her claim to a reduced value but the BTA determined that the appraisal was not reliable.

*Jakobovitch's challenges to the fiscal officer's valuation and the computer-assisted mass-appraisal system*

{¶ 17} In her fourth and sixth propositions of law, Jakobovitch questions an upward adjustment made by the fiscal officer and challenges the computer-assisted mass-appraisal ("CAMA") system used by Cuyahoga County. As to the first point, she adverts to the testimony of Joseph Toledo, Cuyahoga County's CAMA-system administrator. At the BTA hearing, Toledo testified that he preliminarily valued Jakobovitch's property at $1,100,000 based on the CAMA system but then explained that the fiscal officer overrode this preliminary value, upwardly adjusting it to $1,429,100 based on a field appraiser's finding.[2] At oral argument, counsel for the fiscal officer and the BOR maintained that these two valuations were components of the same overall process of valuing the property. Jakobovitch maintains that the fiscal officer's unexplained adjustment warrants a remand so that the adjustment can be explained.

{¶ 18} Jakobovitch tethers her argument to *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22. There, the auditor increased the valuation of a building by 60 percent through the application of an unexplained grade-factor adjustment. The county board of revision made modest adjustments to this valuation but largely upheld it. The BTA rejected the board of revision's adjustments, explaining that it could not discern the board of revision's rationale. And because the BTA found that the property owner's evidence of value was incomplete, it reverted to the county auditor's valuation.

{¶ 19} We reversed the BTA's decision and remanded the case on the grounds that the owner's actual-cost evidence and the auditor's cost schedules

---

[2] Toledo's preliminary valuation of $1,100,000 was apparently performed for tax year 2012, a sexennial reappraisal year in Cuyahoga County. The BTA hearing transcript indicates that the upwardly adjusted valuation of $1,429,100 was assigned to tax year 2012 and then carried over to tax year 2013.

corroborated each other and, taken together, negated the validity of applying the grade-factor adjustment. *Id.* at ¶ 14. Moreover, we held that the cost evidence and cost schedules furnished an adequate basis for the BTA to value the property on a cost basis. *Id.* at ¶ 16. Because this evidence negated the auditor's valuation and no competing evidence was adduced to support the auditor's valuation, we concluded that the BTA erred in reverting to it. *Id.* at ¶ 14.

{¶ 20} The crux of Jakobovitch's theory, as we understand it, is that the financing appraisal's opinion of value of $1,050,000 and Toledo's preliminary valuation of $1,100,000 are analogous to the actual-cost evidence and cost schedules in *Dayton-Montgomery*. We reject that analogy. First, the appraisal presented here differs from evidence of actual costs. The former represents an opinion of value, whereas the latter constitutes objective, hard data. To be sure, an appraisal's opinion of value may arise from hard data. But Jakobovitch simply asks us to consider her appraisal's opinion of value in a stand-alone fashion, and that does not furnish the same type of foundation to value property as cost evidence. Second, we find it disingenuous for Jakobovitch to argue on the one hand that the CAMA system generates flawed results while arguing on the other hand that Toledo's preliminary value of $1,100,000—which was based on the CAMA system—negates the fiscal officer's valuation of $1,429,100.

{¶ 21} Quite simply, then, nothing impugns the fiscal officer's actions, so we presume that the fiscal officer's unexplained adjustment was made in good faith and arose from the exercise of good judgment. *See Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 24. Moreover, we find it immaterial that the fiscal officer's upward adjustment lacks a supporting rationale because, as the BTA correctly found, Jakobovitch failed to furnish competent and probative evidence of her proposed value. Under the case law, the fiscal officer does not bear the burden to prove the accuracy of his or her valuation until the proponent of a different value presents

competent and probative evidence to rebut that valuation. *Colonial Village*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, at ¶ 23, 30-31.

{¶ 22} Similar logic defeats Jakobovitch's challenges to Cuyahoga County's CAMA system. She posits that the CAMA system was not personally approved by the tax commissioner as required by Ohio Adm.Code 5703-25-07(G) and that it does not conform to accepted scientific or statistical practices. But these contentions fail because Jakobovitch never met her burden in the first instance and thus never cast the burden back on the county to defend the accuracy of its valuation.

**Jakobovitch's procedural arguments**

*Whether the BTA erred in failing to address certain arguments that Jakobovitch raised below*

{¶ 23} Under her first proposition of law, Jakobovitch argues that the BTA erred by failing to resolve all questions of law and fact arising from the underlying BOR proceedings. More specifically, Jakobovitch faults the BTA for failing to address three specific arguments raised in her BTA brief.

{¶ 24} Jakobovitch first faults the BTA for failing to address her argument that the BOR erred in denying her motion for an order calling the fiscal officer (or an appropriate delegate), the fiscal officer's records custodian, and the field appraiser to appear for examination at the BOR's hearing. The BTA's decision acknowledges that Jakobovitch filed the motion, but it did not rule on the propriety of the BOR's denial of the motion.

{¶ 25} The BTA's responsibility in an appeal from a decision of a county board of revision consists of determining value, R.C. 5717.03(B), but there is no requirement that the BTA make detailed findings of fact and conclusions of law, *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 421, 2015-Ohio-4522, 44 N.E.3d 274, ¶ 15. Although the BTA has a duty to "engage in sufficient discussion of the evidence to permit th[is] court" to perform its reviewing

function, there is no general requirement that the BTA address "each and every argument raised against its conclusion * * *." *Lutheran Social Servs. of Cent. Ohio Village Hous., Inc. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 125, 2017-Ohio-900, 79 N.E.3d 541, ¶ 12. And while R.C. 5703.02(A)(2) empowers the BTA to "hear and determine all appeals of questions of law and fact arising under the tax laws of this state in appeals from * * * [d]ecisions of county boards of revision," the statute does not instruct the BTA on how to apply these powers when determining a property's value. The absence of more specific statutory guidance suggests that the BTA enjoys some measure of discretion in choosing how to exercise this authority. *See In re Application of Columbus S. Power Co.*, 128 Ohio St.3d 512, 2011-Ohio-1788, 947 N.E.2d 655, ¶ 68 ("Any lack of statutory guidance on that point should be read as a grant of discretion").

{¶ 26} Under these principles, we are not convinced that Jakobovitch has shown that the BTA committed reversible error. The BTA determined the property's taxable value as directed by R.C. 5717.03(B), and Jakobovitch points to no apposite authority requiring the BTA to do more. The crux of her argument to the BTA was that the BOR deprived her of the right to due process when it denied her motion because, in her view, she was entitled to cross-examine the fiscal officer's employees who valued her property. But nothing prevented her as an appellant before the BTA from invoking the BTA's subpoena power to summon relevant witnesses. *See* R.C. 5703.03. Indeed, she invoked this power to compel the attendance of a representative of the tax commissioner, a BOR representative, and Toledo. Moreover, the lead authority that Jakobovitch urged the BTA to consider, *75 Pub. Square v. Cuyahoga Cty. Bd. of Revision*, 76 Ohio App.3d 340, 345, 601 N.E.2d 628 (8th Dist.1991), describes due process as consisting of reasonable notice and an opportunity to be heard. On this understanding, Jakobovitch received the full extent of due process. She received notice of the BOR

hearing and ultimately made a presentation to the BOR to support her requested reduction in value.

{¶ 27} Jakobovitch next argues that the BTA erred in failing to address her contention that the BOR violated her due-process right to a fair and impartial decisionmaker. According to Jakobovitch, the BOR committed this violation when it denied her motion calling certain persons (described above) to appear at the BOR's hearing. She also adverts to a perceived conflict of interest resulting from the fact that the fiscal officer and the BOR are represented by the same counsel. But we have expressly acknowledged that "[w]hile the board of revision is a deciding tribunal, it is not a truly impartial tribunal in the sense that a trial court or the BTA is." *R.R.Z. Assocs. v. Cuyahoga Cty. Bd. of Revision*, 38 Ohio St.3d 198, 200, 527 N.E.2d 874 (1988). The three county officials who sit on a county board of revision "conduct the affairs of the county,"[3] and this composition thereby gives the board of revision "an interest in the case because the value decision affects the county's tax revenues." *Id.* Because of the potential conflicts that may arise from this arrangement, the General Assembly "provided for an appeal to the BTA or the court of common pleas" for a de novo hearing. *Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision*, 37 Ohio St.3d 16, 25, 523 N.E.2d 826 (1988) (lead opinion) (rejecting due-process argument predicated on composition of county board of revision).

{¶ 28} Jakobovitch's last argument under this proposition of law asserts that the BTA erred in failing to address her contention that she should have been granted additional time to depose Toledo. Toledo's deposition, which occurred during the pendency of the BTA's proceedings, was terminated because his counsel had to depart for a previously scheduled medical appointment. Afterwards, Jakobovitch

---

[3] The three officials are the county treasurer, the county auditor (or fiscal officer where appropriate), and a member of the board of county commissioners. R.C. 5715.02.

filed a motion seeking the resumption of Toledo's deposition, but a BTA attorney examiner issued an interim procedural order denying the motion.

{¶ 29} Contrary to Jakobovitch's contention, the BTA did address her claim that she had been improperly denied further discovery; it determined that the claim had no merit: "Additionally, we find that appellant's arguments regarding * * * the discovery disputes before this board are without merit because for the reasons stated below, appellant failed to meet her primary burden on appeal: to provide competent and probative evidence to support its [sic] right to the value asserted." BTA No. 2014-3406, 2015 Ohio Tax LEXIS 3276, *7 (Aug. 3, 2015). We conclude that Jakobovitch has not demonstrated that the BTA failed to resolve all questions of law and fact.

*Whether the BTA erred in not permitting Jakobovitch to resume a deposition*

{¶ 30} In her second proposition of law, Jakobovitch asserts a related argument that the BTA erred in denying her motion to compel the resumption of Toledo's deposition. The BTA attorney examiner denied the motion "[u]pon consideration of the motion and responses thereto, including the representations made as to the length and contents of the deposition already conducted." BTA No. 2014-3406, 2015 Ohio Tax LEXIS 1311, *1 (Mar. 6, 2015). While the attorney examiner's order does little to clarify the BTA's rationale, Jakobovitch has not made a convincing case that the BTA erred in denying her motion.

{¶ 31} The BTA's discovery rulings are reviewed according to an abuse-of-discretion standard. *HK New Plan Exchange Property Owner II, L.L.C. v. Hamilton Cty. Bd. of Revision*, 122 Ohio St.3d 438, 2009-Ohio-3546, 912 N.E.2d 95, ¶ 16. Under this standard, such a ruling is affirmed unless the BTA's attitude was unreasonable, arbitrary, or unconscionable. *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 25.

{¶ 32} In *Murray & Co. Marina, Inc. v. Erie Cty. Bd. of Revision*, 123 Ohio App.3d 166, 703 N.E.2d 846 (6th Dist.1997), the Sixth District Court of Appeals

SUPREME COURT OF OHIO

confronted an argument similar to the one Jakobovitch advances. In that real-property-valuation case, the court of common pleas had denied a property owner's request to subpoena the county auditor. *Id.* at 173. On appeal, the court of appeals ruled that the court of common pleas did not abuse its discretion in denying the request because the denial did not prevent the owner from supporting its requested reduction based on its own evidence. *Id.* at 174.

{¶ 33} We find that logic persuasive here. Like the property owner in *Murray*, Jakobovitch was still permitted to present evidence at the BTA's hearing to support her proposed value, and, notably, that evidence included the testimony of Toledo, who was required to appear by virtue of a subpoena that Jakobovitch had obtained. Moreover, at oral argument, Jakobovitch's counsel stated that Toledo's testimony at the BTA hearing provided the evidence she was seeking. And while Jakobovitch claims that she suffered "material consequences" from her inability to depose Toledo further, her reasoning in support of this assertion is circular: "Had Toledo's deposition been completed, the existence of the unexplained adjustment would have been discovered at the time of the deposition, rather than at the merit hearing." But this truism does not explain how the BTA's ruling had a prejudicial effect on Jakobovitch.

*Whether the BTA acted unfairly*

{¶ 34} In her eighth proposition of law, Jakobovitch asserts that the alleged errors in the BTA's decision are so pervasive that they amount to an unconstitutional violation of her due-process right to a fair and impartial tribunal. She offers one sentence in direct support of this argument: "Here, Jakobovitch incorporates by reference her arguments made under Proposition of Law No. I, regarding Assignment of Error No. 2 in her Appellant's Brief to the BTA." On its own, this sentence does not establish Jakobovitch's point. And Jakobovitch's reliance on arguments made in another section of her brief does not advance her position because she makes no attempt in that section to develop an argument that

the BTA evinced bias toward her. *See Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 38 ("The absence of authority and argumentation based on constitutional case law constitutes, all by itself, grounds for rejecting the due-process argument"); *Richman Properties, L.L.C. v. Medina Cty. Bd. of Revision*, 139 Ohio St.3d 549, 2014-Ohio-2439, 13 N.E.3d 1126, ¶ 29 ("we reject the county's first proposition of law because the assertion has been inadequately supported as a ground for reversal on appeal").

## CONCLUSION

{¶ 35} For the foregoing reasons, we affirm the BTA's decision.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

J. Alex Morton, for appellant.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Greenfield, Assistant Prosecuting Attorney, for appellees Cuyahoga County Fiscal Officer and Cuyahoga County Board of Revision.

Brindza, McIntyre & Seed, L.L.P., and David A. Rose, for appellee Beachwood City School District Board of Education.

_____