[Cite as *Rooney Properties, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2019-Ohio-4781.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ROONEY PROPERTIES, L.L.C.,  :

     Plaintiff-Appellant,  :

                             No. 107350

v.  :

CUYAHOGA COUNTY
BOARD OF REVISION, ET AL.,  :

     Defendants-Appellees.

                         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:** November 21, 2019

---

Administrative Appeal from the Board of Tax Appeals
Case Nos. 2016-1889, 2016-1890, 2016-1891, and 2016-1892

---

### *Appearances:*

Matthew Gilmartin, Attorney at Law, L.L.C., and Matthew Gilmartin *for appellant*.

The Law Office of Thomas A. Kondzer, L.L.C., Thomas A. Kondzer, and Joseph A. Volpe, *for appellee* Board of Education of the Olmsted Falls School District.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini, Jr, Assistant Prosecuting Attorney, *for appellee* Cuyahoga County Board of Revisions.

PATRICIA ANN BLACKMON, J.:

{¶ 1} Plaintiff-appellant Rooney Properties, L.L.C. ("Rooney Properties") appeals from the decision of the Board of Tax Appeals ("BTA") affirming the Cuyahoga County Board of Revision's ("BOR") 2015 valuation of various parcels located in Olmsted Falls. Rooney Properties assigns the following errors for our review:

I. The [BTA] erred in refusing to assign probative weight to the appellant's and the Olmsted Falls Board of Education's exhibits.

II. The [BTA] erred in refusing to assign probative weight to the evidence offered by appellant's witnesses, David Rooney, and real estate broker/developer expert witness, George Potz.

III. The [BTA] erred in failing to find sufficiently probative corroborating tangible evidence to support owner's testimony as to value of the properties in question.

IV. The decision of the [BTA] was against the manifest weight of the evidence.

{¶ 2} Having reviewed the record and the controlling case law, we affirm the decision of the trial court.

{¶ 3} The subject properties encompass approximately 20 acres and consist of both vacant parcels and parcels with one or more structures. Parcel 262-13-005 is unimproved and was assessed at $17,600 for tax year 2015. Rooney Properties filed a complaint with the BOR alleging that the true value was $14,400. Parcel 262-14-006 is unimproved and was assessed at $85,000. Rooney Properties filed a complaint with the BOR alleging that the true value was $59,710. Parcel 262-14-008 is improved and was assessed at $144,700. Rooney Properties filed a

complaint in the BOR alleging that the true value was $114,975. Parcel 262-14-009 is unimproved and was assessed at $10,400. Rooney Properties filed a complaint alleging that the true value was $8,480. Parcel 262-14-010 is improved and was assessed at $355,100. Rooney Properties filed a BOR complaint alleging that the true value was $216,000. Parcel 262-14-040 is improved and was assessed at $116,400. Rooney Properties filed a BOR complaint alleging that the true value was $81,200. Parcel 262-14-042 is unimproved and was assessed at $35,500. Rooney Properties filed a BOR complaint alleging that the true value was $25,340. Parcel 262-14-043 is improved and was assessed at $49,800. Rooney Properties filed a BOR complaint alleging that the true value was $41,120. The Olmsted Falls Board of Education ("Board of Education") filed countercomplaints with the BOR, seeking to maintain the assessed valuations for all but one of the parcels, and chose to let the county defend the value for parcel 262-13-005.

{¶ 4} The BOR held four consolidated hearings to address the complaints and countercomplaints. Following the hearings, the BOR found insufficient support for the reductions claimed by Rooney Properties and issued decisions maintaining the fiscal officer's 2015 valuations for all of the parcels.

{¶ 5} On further appeal to the BTA, Rooney Properties submitted audio recordings of three of the four BOR hearings and the evidence and journal summaries for all four BOR hearings. The BTA evaluated the record as follows:

> Although the BOR hearing audio relating to parcel numbers 262-14-006, 262-14-008, 262-14-009 is not contained in the transcript certified to this board, upon examination of the evidence contained in

all four transcripts, the BOR four written oral hearing journal summaries, and the audio recordings of the other three BOR hearings, we find the facts and issues of these matters to be sufficiently similar so that this board may glean the information discussed in the missing audio and allow us to proceed with our review on appeal. * * *

Owner's counsel offered the testimony of Mr. David Rooney ["Rooney"], owner of the ownership entity, and Mr. George Potz ["Potz" a], real estate broker and developer. [Rooney] testified as to the condition of the subject property and surrounding area and characterized the vacant parcels as pasture land. Further, [Rooney] provided testimony regarding property damage sustained from past tenants and property defects relating to the sewer/septic system in place. [Rooney] also stated that he determined values for the subject property based upon the advice of [Potz]. [Potz] testified that he based his opinions of value upon what property is selling for and further, indicated that he recommended the demolition of some of the subject improvements due to the costs of needed repairs. In support of the testimony, [Rooney] submitted federal tax forms, 2012-2013 broker opinions of value, comparable sales information, property listings, and information relating to a bank account. * * * On cross examination by [Board of Education's] counsel, [Potz] admitted several of the comparable sales he submitted in support of his values resulted from foreclosure proceedings and [Rooney] admitted that he receives royalties from the subject oil and gas lease.

{¶ 6} The BTA concluded that Rooney's testimony was not sufficient to support a reduction in value. The BTA also rejected Potz's claimed valuations because he is not a trained appraiser and the comparable sales data he offered did not account for "meaningful differences" between the comparable properties and the subject properties. The BTA affirmed the BOR's 2015 valuations for each parcel.

**Burden of Proof**

{¶ 7} In the assigned errors, Rooney Properties asserts that the BTA erred in failing to give "probative weight" to the testimony and exhibits that it presented before the BOR.

{¶ 8} A "fiscal officer is presumed to carry out his statutorily prescribed duties in good faith and in the exercise of good judgment, absent a showing to the contrary." *Schwartz v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 106659, 2018-Ohio-4712, ¶ 22, citing *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 13. "'A party seeking an increase or decrease in valuation bears the burden of proof before a board of revision.'" *Schwartz* at ¶ 21, quoting *Snavely v. Erie Cty. Bd. of Revision*, 78 Ohio St.3d 500, 503, 678 N.E.2d 1373 (1997).

{¶ 9} Likewise, on appeal to the BTA, the party challenging the BOR's decision has the burden of proof to establish its proposed value. *Jakobovitch v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 187, 2017-Ohio-8818, 94 N.E.3d 519, ¶ 12, citing *Colonial Village v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23. The burden is on the appellant to prove its right to an increase or decrease from the value determined by the BOR through competent and probative evidence. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 2001-Ohio-16, 740 N.E.2d 276.

{¶ 10} The BTA must review the BOR's factual and legal determinations de novo. *MacDonald v. Shaker Heights Bd. of Income Tax Review*, 144 Ohio St.3d 105, 2015-Ohio-3290, 41 N.E.3d 376, ¶ 21. The BTA must independently weigh the evidence and make findings. *Id.*; R.C. 5717.01. The BTA is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of

proof at the BTA. *Colonial Village* at ¶ 23. The party challenging the BOR decision is not entitled to adoption of the claimed value merely because contrary evidence is not produced. *Jakobovitch* at ¶ 12.

{¶ 11} If the matter is further appealed to a reviewing court, the reviewing court must affirm if the BTA's decision is both "reasonable and lawful." *NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 193, 2017-Ohio-7579, 87 N.E.3d 199, ¶ 13, citing R.C. 5717.04. *Bd. of Edn. of the Warrensville Hts. City School Dist. v. Cuyahoga Cty. Bd. of Revision,* 145 Ohio St.3d 115, 2016-Ohio-78, 47 N.E.3d 144, ¶ 16. However, on appeal to this court, the appellant bears the burden of showing error by reference to matters in the record. App.R. 9(B); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Under App.R. 9(B)(1), recorded proceedings must be "transcribed in a form that meets the specifications of App.R. 9(B)(6)."

{¶ 12} In this matter, the praecipe filed by Rooney Properties indicates that the record on appeal consisted of the docket and journal entries and a complete transcript pursuant to App.R. 9(B). The record was due on November 5, 2018. Rooney Properties timely submitted a transcript of the BTA hearing to this court, but according to the BTA decision, one of the audio recordings of the BOR hearing was "not contained in the transcript certified to the [BTA]." None of the BOR hearing audios were transcribed as required by App.R. 9(B)(1) and (6). *See Schwartz*, 2018-Ohio-4712, fn. 3. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has

nothing to pass upon and thus, because of those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings. *Knapp*.

{¶ 13} In any event, having endeavored to listen to the audio recordings, this court can find no error. Though difficult to decipher, the recordings do not show that the BTA acted unreasonably or unlawfully. Potz's testimony focused upon the "current" housing market, yet his comparables were not recent. Additionally, most of the comparables he offered followed foreclosures, estates, or other distressed sales and were not sales of rental properties. Some of the comparables pertained to much smaller parcels. The evidence Rooney Properties offered did not account for "meaningful differences" between the comparables and the subject parcels. Further, the BTA determined that some parcels that Rooney Properties considered to be landlocked had access through other Rooney Properties parcels. The BTA found insufficient evidence on the value of pasturelands. The BTA also had questions about the tax returns offered by Rooney Properties that were not answered during the hearing. Accordingly, we cannot say that the BTA erred in concluding that the evidence offered by Rooney Properties was insufficient to support its valuation claims. The BTA acted reasonably and lawfully in finding that Rooney Properties failed to prove lower values for the subject properties and in affirming the decision of the BOR.

The decision of the Board of Tax Appeals is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR